# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LILLBURN NELSON, III,<br><br>     Plaintiff<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br><br>     Defendant | Case No.: 3:22-cv-00405-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

1  "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names only the United States government as a defendant, but it also references the Department of Homeland Security. The only allegations are that Homeland Security was put in place and causes Plaintiff psychological, emotional, and physical harm. Plaintiff includes a letter to Magistrate Judge Carla Baldwin with his complaint, stating that he has filed other lawsuits against the United States, and he is filing this third and final lawsuit because the United States is using cell phone-like towers to allow electromagnetic radiation to pass through Plaintiff's body which allows Plaintiff's body to become like a cell phone with a mind reader.

Plaintiff has filed two other complaints with similarly fantastical allegations: 3:20-cv-00687-MMD-CLB and 3:22-cv-00184-ART-CSD, which have been dismissed for failure to state a claim.

"[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Id*. This term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

Plaintiff's complaint includes only fanciful allegations and does not state any claim upon which relief may be granted; therefore, the complaint should be dismissed. Plaintiff should also be cautioned that given the number of these lawsuits he has filed, his conduct is bordering on vexatious.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted. Plaintiff should be cautioned that his conduct is bordering on vexatious.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 20, 2022

_____
Craig S. Denney
United States Magistrate Judge

5